# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. PRUITT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-226-CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Anthony L. Pruitt to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On August 28, 2007, movant pled guilty to one count of receiving a firearm while under indictment, in violation of 18 U.S.C. § 922(a), and one count of intimidating and making threats to prevent the testimony of another person, in violation of 18 U.S.C. § 1512(b)(1). On November 9, 2007, he was sentenced to concurrent terms of thirty months' imprisonment, followed by a two-year term of supervised release. Movant did not appeal the judgment.

Movant seeks to vacate, set aside or correct his conviction and sentence on the ground that he was denied effective assistance of counsel.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255

motion if it plainly appears that the movant is not entitled to relief. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> > or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, movant's conviction became final, at the latest, ten days after his November 7, 2007 sentencing. See Fed.R.App.P.4(b). Movant stated under penalty of perjury that he mailed the motion to vacate to the Court on January 28, 2009, approximately two months after the expiration of the one-year limitation period. As such, the motion is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Order, movant shall show cause in writing why his motion to vacate should not be dismissed as time-barred. Movant's failure to comply with this Order will result in the dismissal of the motion with prejudice.

Dated this 18th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE